IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CAREY LEWAN GRAM,

        Plaintiff,

  v.

NAPA STATE HOSPITAL, et al.,

        Defendants.
_____/

No. C 08-5680 SBA (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff Carey Lewan Gram, a state prisoner currently incarcerated at California State Prison - Sacramento, has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights stemming from a March 9, 2006 incident of alleged excessive force by "lead staff" while he was at Napa State Hospital. (Compl. at 3.) His motion for leave to proceed in forma pauperis has been granted. Venue is proper in this district because the events giving rise to the action occurred at Napa State Hospital, which is located in this district. See 28 U.S.C. § 1371(b).

## DISCUSSION

### I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487

U.S. 42, 48 (1988).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

## II. Exhaustion

A question which must be answered before Plaintiff can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532 U.S. at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an

administrative record. See Porter, 534 U.S. at 525.

A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.), cert. denied, 540 U.S. 810 (2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies. Id.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). Barry, 985 F. Supp. at 1237-38.

Here, the record is unclear as to whether Plaintiff exhausted his administrative remedies before filing his federal complaint. On his civil rights complaint form, Plaintiff simply states that an informal appeal has "been presented;" he makes no mention of any subsequent formal levels of appeal. (Compl. at 2.) The only additional information he provides concerning any administrative appeal is that his claim has "been presented in superior court [in] Sacramento." (Id.) Without any further details regarding his administrative appeal process, or any obstacles he may have encountered, there is no showing that Plaintiff has exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).

Accordingly, Plaintiff's complaint is DISMISSED with leave to amend to demonstrate that he exhausted all of his claims against each Defendant before he filed this action. If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below.

### III. Named Defendants

The Court notes that Plaintiff is unclear as to whom he is naming as a defendant in this action. Whereas the caption reads "Carey Gram vs. Napa State Hospital (see police report)," Plaintiff later lists the following in his complaint: Dennis Linehan, Psychiatric Technician; Dr. Javed Lobal; and Linda Bates, Senior Psychiatric Technician. (Compl. at 1-2.) However, Plaintiff makes no specific allegations against any of these Defendants in the statement of his claim. (Id. at 3.) Although he attempts to make allegations against the "lead staff" in his complaint, the Court cannot determine to which of these Defendants Plaintiff is referring. (Id.)

In his amended complaint, Plaintiff must identify the particular individuals who caused the harm he alleges. He must link each defendant to a specific constitutional violation -- i.e., state what that defendant did that caused the violation of Plaintiff's constitutional rights. See Leer v. Murphy, 844 F.2d at 634 (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at 633. As mentioned above, there is no respondeat superior liability under § 1983. See Taylor, 880 F.2d at 1045. That is, under no circumstances is there liability under § 1983 solely because a superior officer is responsible for the actions or omissions of an inferior officer. Id.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Within **thirty (30) days** from the date of this Order, Plaintiff shall file an amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 08- 5680 SBA (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992);

4

King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  He may not incorporate material from the original complaint by reference.  He must state clearly and concisely the substance of the complaint.  See F.R. Civ. Pro. 8(a)(2).  Plaintiff is further directed to allege specifically the action or omission of each defendant, and the specific date on which the violative conduct took place.

**Plaintiff's failure to file an amended complaint by the deadline will result in the dismissal of this action without prejudice.**

2.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's Orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3.  The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with a copy of this Order.

IT IS SO ORDERED.

DATED: 11/2/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.08\Gram5680.DWLA(exh).wpd    5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CAREY L. GRAM,

        Plaintiff,

  v.

CAREY L. GRAM et al,

        Defendant.

Case Number: CV08-05680 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 16, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carey Lewan Gram F-21500
California State Prison - Sacramento
(Represa-29)
P.O. BOX 290066
Represa, CA 95671-0066

Dated: November 16, 2009

                      Richard W. Wieking, Clerk
                      By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.08\Gram5680.DWLA(exh).wpd